Law Office of Ira R. Abel
305 Broadway
14th Floor
New York, NY 10007
Phone: (212) 799-4672
iraabel@verizon.net
Ira R. Abel, Esq.

*Attorney for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**In re:**                                                  :
                                                            :               **Chapter 11**
           **35 North Elliot LLC,**                         :
                                                            :               **Case No. 19-40338-nhl**
                            **Debtor.**          :
-------------------------------------------------------x

**APPLICATION OF LAW OFFICE OF IRA R. ABEL AS COUNSEL FOR THE DEBTOR**
**AND DEBTOR-IN-POSSESSION FOR A FINAL AWARD OF COMPENSATION AND**
<u>**REIMBURSEMENT OF EXPENSES PURSUANT TO 11 U.S.C. §§ 330, 331 AND 503**</u>

**TO THE HONORABLE NANCY HERSHEY LORD,**
**UNITED STATES BANKRUPTCY JUDGE:**

        The Law Office of Ira R. Abel (the "Firm"), as counsel to 35 North Elliot LLC, the

debtor and debtor-in-possession herein (the "Debtor"), respectfully represents as follows:

<u>SUMMARY OF REQUESTED RELIEF</u>

        1.       By this Application, the Firm seeks entry of an order pursuant to 11 U.S.C.

§§ 330 and 331, Rule 2016 of the Bankruptcy Rules, the Retention Order (as defined

below), Local Bankruptcy Rule 2016-1 and this Court's administrative orders, granting it (a)

a final award of compensation in the total amount of $23,142.00 for 55.10 hours of

professional services rendered by the Firm to the Debtor for the Application Period (defined

1

below), plus (b) reimbursement of actual and necessary out-of-pocket disbursements[1] in the amount of $    22.17 for expenses for the period from January 18, 2019 through October 17, 2019 (the "Application Period").[2]

## JURISDICTION AND STATUTORY BASES FOR REQUESTED RELIEF

2.    This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.

3.    Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    This matter is a core proceeding pursuant to 28 U.S.C. § 157.

5.    The statutory bases for this Application are §§ 330, 331 and 503 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Bankruptcy Rule 2016-1.

## GENERAL BACKGROUND

6.    On January 18, 2019 (the "Petition Date"), the Debtor commenced its chapter 11 case in the Eastern District of New York by filing a petition (the "Petition") under chapter 11 of title 11, U.S. Code (the "Bankruptcy Code") as well as schedules of assets and liabilities and a statement of financial affairs (collectively, the "Schedules").

7.    The Debtor operates a business with a mailing address of 123 Church Avenue, Brooklyn, NY 11218. The Debtor's principal assets are located at 35 North Elliott Avenue, Brooklyn, New York 11205, Block 2027, Lot 9 (the "Property").

---

[1] The dates on which the expenses were incurred and the expense items are set forth on each time record sheet and summarized on Exhibit C.

[2] The exhibits annexed to the Application set forth the amounts requested as final compensation for the Application Period, including estimated final compensation and expense reimbursement. Because Bankruptcy Rule 2002(a)(6) requires twenty-one (21) days notice of an application for compensation, plus three (3) days if notice is provided by first class mail, the Firm has necessarily been required to estimate the amounts of time charges and reimbursement of expenses incurred for the period from approximately September 5, 2019 through the date of the hearing to consider this Motion, October 17, 2019. The Firm estimates that four (4)

8.    The Debtor commenced its chapter 11 case because of a pending foreclosure sale of the Property.

9.    The Debtor is authorized to remain in possession of its property and to continue in the operation and management of its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

10.    No official committee of unsecured creditors has yet been appointed by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee").

### THE ORDER AUTHORIZING THE FIRM'S EMPLOYMENT

11.    By order, dated April 1, 2019 (ECF Doc. No. 24, the "Retention Order"), the Firm was authorized to be retained, effective as of January 18, 2019, as the Debtor's counsel.    Among other things, the Retention Order provides that the Firm is to be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of New York, the fee guidelines of the United States Trustee and the Administrative Orders of this Court.

### DESCRIPTION OF SERVICES RENDERED DURING APPLICATION PERIOD

12.    The services that the Firm has rendered to the Debtor encompass legal services, advice, analysis and professional attention in connection with all aspects of the Debtor's case and the Debtor's rights, responsibilities and positions as summarized below. All of the professional services set forth in this Application were rendered solely on behalf

---

hours of time will be required, adding $1,680 in time charges to the $21,462 of time charges for 51.10 hours set forth on the time records.

of the Debtor in the furtherance of his various statutory duties.

13.     At all times, the Firm has attempted to maximize efficiency and avoid duplication of effort.    Such measures have permitted the Firm to provide effective representation to the Debtor without placing unnecessary financial burdens on his estate. The Firm respectfully submits that the professional services rendered were necessary and valuable to the Debtor and resulted in substantial value and benefit to the Debtor's estate and its creditor body.

14.     The Firm maintains records for time expended and expenses incurred in rendering its services on the Debtor's behalf. In the ordinary course of the Firm's business, time records are prepared contemporaneously with the rendition of professional services by the attorney who has rendered such services. The time records provide a detailed description of the services rendered during the Application Period.

15.     In addition to the summary of the Firm's time charges set forth above, a summary of the Firm's time charges, in categories substantially similar to the Guidelines (the "Category Codes"), as well as a summary of the Firm's expenses incurred on behalf of the Debtor is submitted herewith as Exhibit B, copies of the Firm's contemporaneously prepared time records for the Application Period are submitted as Exhibit C, a proposed order granting the requested relief is annexed hereto Exhibit D, and a statement pursuant to Bankruptcy Rule 2016 under General Order 613 is annexed hereto Exhibit E.

16.     The time records describe the services rendered by each attorney and paraprofessional during the Application Period, are calculated in tenths of an hour increments and are categorized in accordance with the Firm's Category Codes.

17.     The Firm has made every effort to categorize its time entries in accordance

4

with the correct Category Code. However, in some instances, services overlap among Category Codes. Thus, some services may appear under more than one Category Code, or several services may be combined under one Category Code, although in no instance is a specific time entry recorded more than once. Time entries are edited for accuracy, to eliminate and correct errors (i.e., time charged to the wrong Category Code or privileged matters), and for clarity. The Firm used the following Category Codes in connection with its representation of the Debtor, although not all Category Codes were used during the Application Period:

Asset Analysis and Recovery
Asset Disposition
Business Operations
Case Administration
Claims Administration and Objections
Committee Meetings
Contacts with Creditors
Contacts with Professionals
Employee Matters
Fee Applications and Objections
Financing
Litigation
Plan and Disclosure Statement
Professional Employment
Stay Relief Proceedings

18.     During the Application Period, the Debtor relied heavily on the Firm's experience and expertise. The major matters in which the Firm rendered legal services and advice to the Debtor include the matters set forth below:

a.     <u>Case Administration</u>. During the Application Period, the Firm undertook a wide range of tasks in connection with day-to-day services rendered to the Debtor. The Firm maintained regular contact with the Debtor, the United States Trustee, and all other interested parties as needed,

through telephone, email and in person regarding the administration of the Debtor's case, including, among other things, filing of motions, advice on dealing with all issues regarding the Debtor's case, complying with Bankruptcy Court Rules and general guidance with respect to the Debtor's duties. The Firm appeared at all status conferences and all hearings held before the Court and, as needed, served and filed all necessary notices, pleadings and other papers upon interested parties regarding those matters. In particular, the Debtor's primary focus in the case was the resolution or refinancing of the secured position held by HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2006-API ("Wells Fargo").   Negotiations with Wells Fargo consumed the majority of the Firm's efforts on behalf of the Debtor.

b.      <u>Claims Analysis and Objections</u>. Because the Debtor was unable to prepare a plan of reorganization with knowledge of the amounts of claims against it, the Firm prepared and submitted an application for a deadline for the filing of proofs of claim. By order, signed March 26, 2019 (ECF Doc. No. 20),[3] the Debtor's request was granted. The Firm thereafter provided notice to all of the Debtor's known creditors and other interested parties of the claims filing deadline.  In addition, when claims were filed, the Firm reviewed and analyzed them and discussed them with the Debtor.

---

[3] The Court signed an Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof on February 5, 2019.  Due to an administrative error, it became necessary to

c.      <u>Fee Applications and Objections</u>.  Because the order authorizing the Debtor to employ the Firm provided for payment of interim compensation, the Firm was required by local bankruptcy rules and orders to prepare statements of fees and expenses and provide them to the Debtor on a regular basis. The Firm also prepared this Application and appeared at the Court hearing to consider it.

d.      <u>Professional Employment</u>. During the Application Period, the Firm prepared the necessary papers to authorize its employment, and its application was granted by order, dated April 1, 2019.

e.      <u>Stay Relief Proceedings</u>.  Section 362(d)(3) of the Bankruptcy Code provides, in general, that a single asset real estate debtor has only 90 days (the "90-day Period") to prepare a plan of reorganization to maintain the automatic stay of § 362(a).  The Firm applied for several extensions of the 90-day Period to provide time to negotiate a possible settlement with the junior secured creditor or conduct an evidentiary hearing to determine the value of the Property.  When Wells Fargo filed its motion for relief from the automatic stay, the Firm first attempted to negotiate a resolution on behalf of the Debtor, and when those negotiations failed, prepared and filed opposition to the motion and appeared at the hearing to argue the Debtor's position.

## <u>BACKGROUND AND OVERVIEW OF THE FIRM</u>

19.     The Firm is engaged in the practice of law in the Southern and Eastern Districts of New York. It maintains an office at 305 Broadway, 14th Floor, New York, New

---

issue an Amended Order establishing new deadlines for filing proofs of claim.

York, 10007.

20.      Ira R. Abel is the owner of the Firm and represents the Debtor. Mr. Abel has
been engaged in the practice of bankruptcy law since 1983. Prior to entering private
practice, Mr. Abel was the law clerk for United States Bankruptcy Judge Jeremiah E. Berk.
Mr. Abel is a graduate of New York Law School, was admitted to the New York Bar in
January 1982, and is admitted to the bars of the Southern and Eastern Districts of New
York. Since his admission to practice, Mr. Abel has concentrated in the area of Debtor's
and creditors' rights and bankruptcy. He has extensive experience in cases under chapters
7, 11, 12 and 13 of the Bankruptcy Code, and has participated in out of court compositions
as well as reorganization and liquidation cases under the Code, representing debtors,
debtors -in-possession, creditors, creditors' committees, chapter 11 trustees, chapter 7
trustees and equity security holders, among others.

## PRIOR APPLICATIONS FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

21.      The Firm has not made any prior applications to the Court for payment of
compensation or reimbursement of expenses.

## NO AGREEMENTS AS TO FEES

22.      The Firm does not have any agreement or understanding with any other
entity for sharing compensation received or to be received in connection with the Debtor's
Chapter 11 case other than as permitted by the Bankruptcy Code or the Retention Order.
The Firm has not entered into any agreement, express or implied, with any interested
party, including the Debtor, any creditors, or any representatives of any of them, or with
any attorney representing any of them, for the purpose of fixing the fees or other

compensation to be paid to the Firm for services rendered in connection with this case.

## TRANSMITTAL OF THIS APPLICATION TO THE DEBTOR

23.    On or about September 5, 2019, the Firm transmitted a draft copy of this Application, together with exhibits B and C, to the Debtor for review. The Firm has not as yet been advised whether the Debtor approves the amounts requested herein, but expects to be so advised before the hearing date set for consideration of this Application.

## OPERATING STATEMENTS, QUARTERLY FEES AND CASH ON HAND

24.    To the best of the Firm's knowledge, based upon filings with this Court, the Debtor is substantially current with the filing of monthly operating statements and payments of quarterly fees to the United States Trustee. The Firm's only knowledge and information regarding the Debtor's cash on hand, the amount and nature of accrued administrative expenses and the amount of unencumbered funds in the estate is that which is set forth in the monthly operating statements.

25.    As set forth in the monthly operating report for July, 2019, as of July 31, 2019, the Debtor held a cash balance of approximately $500. All administrative expenses are believed to be current.

26.    If the Court grants the Application, the cash to pay the requested amounts will have no effect upon the Debtor's finances inasmuch as any award of compensation and reimbursement of expenses is expected to be paid, at least in part, by a third party or parties, Nazila Bardi or Maccabee 1 Realty Corporation, with an office at 123 Church Avenue, Brooklyn, NY 11218, or one of their respective affiliated entities.

27.    The compensation requested is based upon the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11, and at

rates generally accepted by the Firm's non-bankruptcy clients. As a result, the Firm was able to render cost efficient services to the Debtor. Mr. Abel has been the sole individual at the Firm that has provided legal services to the Debtor, and his hourly rate has been set at $420 throughout the Application Period.

28.    There are no budgetary or other limitations on compensation or reimbursement of expenses except as may otherwise be set forth in the monthly operating reports filed by the Debtor. As set forth in the monthly operating report for July, 2019, as of July 31, 2019, the Debtor held a cash balance of approximately $500. Inasmuch as the Debtor has minimal operations, payment of compensation is expected to be paid, at least in part, by a third party, Maccabee 1 Realty Corporation, with an office at 123 Church Avenue, Brooklyn, NY 11218, Nazila Bardi,[4] or one of their respective affiliated entities.

## **REQUEST FOR COMPENSATION**

29.    In view of the nature of this case, the standing at the bar of the attorneys who rendered services, the amount of work done, the time consumed, the skill required, the Firm's customary charges to non-bankruptcy clients, fees awarded in comparable cases, and the contingent nature of the compensation, the Firm requests that it be awarded final compensation in the total amount of $23,142.

30.    Sections 330 and 331 of the Bankruptcy Code provide that an attorney shall be allowed reasonable compensation for actual, necessary services based on the time, rates, nature, the extent and the value of his services and the cost of comparable services other than in a bankruptcy case. In determining the amount of reasonable compensation to

---

[4] Ms. Bardi is the individual that provided the initial retainer ($5,000 plus the filing fee of $1,717) to the Firm.

be awarded, the Court is required to take into account all relevant factors, including the time spent on such services, the rates charged for such services, whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under title 11, whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed, and whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases. Nevertheless, one of the traditional measurements of compensation utilized in bankruptcy proceedings is the time expended by counsel. The services rendered by the Firm during the Application Period have required the Firm to expend a total of 55.10 hours during the Application Period.  The Firm submits that the services rendered were required by the Bankruptcy Code and Rules, and were necessary and beneficial to the estate and to the Debtor.

31.    In its representation of the Debtor during the Application Period, the Firm incurred and paid necessary disbursements and expenses totaling $ 22.17.    The    Firm requests that (a) its disbursements totaling $22.17 during the Application Period be allowed and (b) that the Debtor be authorized to pay, or to cause to be paid to reimburse the Firm the sum of $22.17, which sum represents 100% of the Firm's actual disbursements during the Application Period.

## NOTICE

32.    Copies of this Application, together with all exhibits annexed thereto and notice thereof, have been served upon the United States Trustee, the Debtor and all entities that filed requests for notices. Other interested parties that have registered for an

ECF System password, including those that have filed notices of appearance in this case, have been served in accordance with Administrative Order 559, dated April 23, 2010. All other entities have been served with notice of the hearing to consider this Application, as set forth on the certificates of service filed with the Court. Copies of the Application, and all exhibits, will be supplied to other interested parties upon written request.

<u>**NO PRIOR REQUEST FOR RELIEF**</u>

33.     No other or prior request for the relief sought herein has been made to this or any other court except as may be otherwise set forth herein.

**WHEREFORE**, pursuant to U.S.C. §§ 330, 331 and 503, the Firm respectfully requests that it be granted an interim award as counsel for the Debtor in the total amounts of (a) $23,142.00 for professional legal services rendered and (b) $22.17 for reimbursement of necessary costs and expenses disbursed during the Application Period, that the Debtor, Nazila Bardi, Maccabee 1 Realty Corporation, or one of their respective affiliated entities, be authorized and directed to pay the award of final compensation and reimbursement of expenses, and (c) such other and further relief as is just and proper.

Dated: New York, New York
        September 9, 2019

                                        Law Office of Ira R. Abel
                                        *Counsel for the Debtor*


                                        _____/s/_____Ira R. Abel___
                                        Ira R. Abel, Esq.
                                        305 Broadway
                                        14th Floor
                                        New York, NY 10007
                                        Phone: (212) 799-4672
                                        iraabel@verizon.net

Index of Exhibits
Exhibit A: Retention Order
Exhibit B: Summary of Time and Expenses by Category Codes
Exhibit C: Contemporaneous Time Records
Exhibit D: Proposed Order
Exhibit E: Rule 2016 statement and statement under General Order 613

Exhibit A
Retention Order

Exhibit B
Summary of Time by Category Codes
and Summary of Expenses

| Category Code | Time | Time Charge | Expense Item | Charge |
|---|---|---|---|---|
| Case Administration | 29.70 | $12,474.00 | | |
| Claims Administration, Objections | 2.90 | $1,218.00 | | |
| Fees and Objections | 2.00 | $840.00 | | |
| Litigation | 1.80 | $756.00 | | |
| Plan and Disclosure Statement | 4.80 | $2,016.00 | | |
| Professional Employment | 1.90 | $798.00 | Pacer | $10.40 |
| Stay Relief Proceedings | 8.00 | $3,360.00 | Postage | $11.77 |
| | | | | |
| Subtotals | 51.10 | $21,462.00 | | $22.17 |
| Estimated time for period from September 5, 2019 through and including October 17, 2019 | 4.0 | $1,680.00 | | |
| **Totals** | **55.10** | **$23,142.00** | | |

Prior Compensation and Reimbursement of Expenses Awarded: $0.00
Prior Compensation and Reimbursement of Expenses Requested: $0.00
Retainer Amount: $6,717: $5,000 retainer and $1,717.00 for the filing fee.
All hours billed by Ira R. Abel
Blended Rate is identical to hourly rate

# Exhibit C
# Contemporaneous Time Records

Exhibit D
Proposed Order

Exhibit E
Rule 2016 Certification